IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MONICA BADILLO | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| STATE FARM LLOYDS, | § | |
| DEFENDANT. | § | |
| | § | |
| | § | |

---

**INDEX OF MATTERS BEING FILED**
**AND LIST OF ALL COUNSEL OF RECORD**

---

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.  Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1. Index of Matters Being Filed and List of All Counsel of Record (Exhibit A);

2. A copy of the state court docket sheet (Exhibit B);

3. Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows (Exhibit C):

   - Plaintiff's Original Petition;

   - Service Issued on April 12, 2016;

   - Service Returned on May 11, 2016;

   - Defendant's Original Answer

   - Defendant's First Amended Answer and Special Exceptions to Plaintiff's Original Petition

**EXHIBIT**

*A*

4.    The parties' respective attorneys are as follows:

A.    ATTORNEYS FOR PLAINTIFFS:

Kent Livesay
Law Offices of R. Kent Livesay, P.C.
2510 S. Veterans Blvd.
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile

B.    ATTORNEYS FOR DEFENDANT:

Dan K. Worthington
Sofia A. Ramon
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Ave. (Zip: 78501)
P.O. Box 3725
McAllen, Texas 78502

Dated: May 13, 2016.

# REGISTER OF ACTIONS
## CASE NO. C-1608-16-A

**Monica Badillo VS. State Farm Lloyds**

§
§
§
§
§
§

| | |
|---|---|
| Case Type: | Contract - Consumer/Commercial/Debt (OCA) |
| Subtype: | Hail Storm 2012 - 93rd |
| Date Filed: | 04/08/2016 |
| Location: | 92nd District Court |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **DANIEL K. WORTHINGTON** |
| | | *Retained* |
| | | 956-682-5501(W) |
| | | |
| | | **Elizabeth Sandoval Cantu** |
| | | *Retained* |
| | | 956-630-6330(W) |
| | | |
| | | **Sofia A. Ramon** |
| | | *Retained* |
| | | 956-682-5501(W) |
| | | |
| **Plaintiff** | **Badillo, Monica** | **R. KENT LIVESAY** |
| | | *Retained* |
| | | 956-686-5776(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 04/08/2016 | **Original Petition (OCA)** | | |
| | *Monica Badillo Original Petition* | | |
| 04/12/2016 | **Citation** | | |
| | E-SERVED at RPENA@LIVESAYLAWFIRM.COM | | |
| | State Farm Lloyds | Served | 04/18/2016 |
| | | Returned | 05/11/2016 |
| 04/12/2016 | **Service Issued** | | |
| 05/06/2016 | **Answer** | | |
| | *Defendant's Original Answer to Plaintiff's Original Petition* | | |
| 05/11/2016 | **Service Returned** | | |
| | - STATE FARM LLOYDS SERVED 4.18.16 | | |
| 05/12/2016 | **Amended** | | |
| | *Defendant State Farm Lloyds' First Amended Answer and Special Exceptions to Plaintiff's Original Petition* | | |



---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 44.00 |
| | Total Payments and Credits | | | 44.00 |
| | **Balance Due as of 05/12/2016** | | | **0.00** |
| | | | | |
| 05/09/2016 | Transaction Assessment | | | 42.00 |
| 05/09/2016 | EFile Payments from TexFile | Receipt # DC-2016-035608 | State Farm Lloyds | (42.00) |
| 05/12/2016 | Transaction Assessment | | | 2.00 |
| 05/12/2016 | EFile Payments from TexFile | Receipt # DC-2016-036967 | State Farm Lloyds | (2.00) |
| | | | | |
| | **Plaintiff** Badillo, Monica | | | |
| | Total Financial Assessment | | | 304.00 |
| | Total Payments and Credits | | | 304.00 |
| | **Balance Due as of 05/12/2016** | | | **0.00** |
| | | | | |
| 04/08/2016 | Transaction Assessment | | | 302.00 |
| 04/08/2016 | EFile Payments from TexFile | Receipt # DC-2016-027544 | Badillo, Monica | (302.00) |
| 05/11/2016 | Transaction Assessment | | | 2.00 |

5/12/2016

| 05/11/2016 | EFile Payments from TexFile | Receipt # DC-2016-036748 | Badillo, Monica | (2.00) |

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## CAUSE NO. C-1608-16-A _____

|  |  |  |
|---|---|---|
| MONICA BADILLO | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MONICA BADILLO, hereinafter referred to as ("PLAINTIFF"), files her Original Petition against STATE FARM LLOYDS, (hereinafter referred to as "DEFENDANT") and for cause of action would respectfully show the Court the following:

### I.
### Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

### II.
### Parties and Service

PLAINTIFF owns the following dwelling, policy and was assigned the following claim number:

1



Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

| Client | Address | Policy Number | Claim Number |
|--------|---------|---------------|--------------|
| Monica Badillo | 2110 N. Roy Dr. Edinburg, TX 78541 | 83L866530 | 53-4D77-159 |

DEFENDANT STATE FARM LLOYDS, is a Texas Corporation duly licensed to conduct business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving its registered agent: Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701-3218 Service may be perfected via Certified Mail Return Receipt Requested and/or Plaintiff's process server.

### III.
### Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because the policy at issue was issued and delivered in HIDALGO County, Texas, because the property insured is situated in HIDALGO County, Texas, because PLAINTIFF'S losses occurred in HIDALGO County, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

Jurisdiction is proper in this state as the DEFENDANT is conducting business in the State of Texas. The insurance business done by the DEFENDANT in Texas includes, but is not limited to, the following:

1. The making and issuing of contracts of insurance with PLAINTIFF;

2. The taking or receiving of application for insurance, including PLAINTIFF'S applications for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any

2

To:RF74CLAIM2    From:State Farm    Fax:FOIP ISCC SS2    KOFAX® at:16-04-20-14:02 Doc:795 Page:007

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By; Alexis Bonilla

**C-1608-16-A**

insurance or any part thereof, including any such consideration or payments from PLAINTIFF;

4.       The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including PLAINTIFF; and

5.       The investigation and or adjustment of insurance claims within the state of Texas.

## IV.
### Rule 47 Statement

The amount in controversy and damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees.

## V.
### Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFF in this complaint. DEFENDANT provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFF, as listed above, owns a home in HIDALGO County and was insured an insurance policy insuring that home by DEFENDANT on or about April 20, 2012, the structure was subjected to covered damages. PLAINTIFF promptly reported his losses and was assigned the claim number as listed above.

During the term of said policy, PLAINTIFF sustained covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in

3

To:RF74CLAIM2      From:State Farm      Fax:FOIP ISCC SS2      KOFAX® at:16-04-20-14:02  Doc:795  Page:008

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

HIDALGO County, Texas. As a result of the covered events, PLAINTIFF'S property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. The damages sustained to PLAINTIFF'S home are covered damages under the insurance policy; however, DEFENDANT has failed to fully compensate PLAINTIFF for the damages to his home in accordance with their policy. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANT'S claims decision.

## VI.
## Conditions Precedent

All notices and proof of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, Section 541 and Business and Commerce Code Section 17.505(a). All of the conditions precedent to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery have occurred and/or have been performed, DEFENDANT failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and , representations.

There is no federal question nor any allegations giving rise to a federal question.

c1611118821WPSD4XNC Received 4/20/2016 2:02:07 PM [Central Daylight Time]

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

## VII.
## Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT. PLAINTIFF'S property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANT had no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with PLAINTIFF. The conduct of DEFENDANT has proximately caused damages to PLAINTIFF.

## VIII.
## DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA, which, together and separately, has been a producing cause of PLAINTIFF'S damages:

    (a)    DEFENDANT made false representations about PLAINTIFF'S rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

5

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-1608-16-A

(b)     DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of his insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFF'S property.

DEFENDANT'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. The conduct of DEFENDANT as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of its conduct, DEFENDANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award under the DTPA for economic damages and all other available damages as a result of Defendant's conduct.

### IX.
### Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damages, terms of the policy, and cost to repair. DEFENDANT failed to properly process claims and has misrepresented material facts to

6

To:RF74CLAIM2      From:State Farm      Fax:FDIP ISCC SS2      KOFAX® at:16-04-20-14:02  Doc:795  Page:011

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-1608-16-A

PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to PLAINTIFF.

Further, DEFENDANT intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT concealed damage known by it to exist. DEFENDANT knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFF attempted to dispute these charges on his own but was forced to hire his attorneys when DEFENDANT failed to respond.

By its conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFF'S claims once liability became reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

7

To:RF74CLAIM2        From:State Farm        Fax:FQIP ISCC SS2        KOFAX® at:16-04-20-14:02  Doc:795  Page:012

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

(3)   DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)   DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)   DEFENDANT failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)   DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)   DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)   DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)   DEFENDANT undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)  DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)   DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)   the terms of the policy; and/or

(ii)  the benefits or advantages promised by the policy.

8

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

(b)     DEFENDANT made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC section 21.203(1));

(c)     DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)     DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     DEFENDANT is refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

The conduct of DEFENDANT as described herein was a producing cause of damages to PLAINTIFF.

**X.**
**Breach of the Duty of Good Faith and Fair Dealing**

From and after the time PLAINTIFF'S claim was presented to DEFENDANT, liability to pay the claim in accordance with the terms of insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFF'S claim, DEFENDANT refused to accept the claim in totality and pay PLAINTIFF as the policy required. At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

9

To:RF74CLAIM2        From:State Farm        Fax:FOIP ISCC SS2        KOFAX® at:16-04-20-14:02  Doc:795  Page:014

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

This constitutes failing to handle or process PLAINTIFF'S claim in good

faith, an affirmative duty placed on the DEFENDANT, as expressly stated by the

Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135

(Tex. 1988). Through the actions described above, DEFENDANT breached its

duty to deal fairly and in good faith with PLAINTIFF.

DEFENDANT'S breach was a proximate cause of the losses, expenses,

and damages suffered by PLAINTIFF for which he sues.

**XI.**
**Texas Insurance Code 542, Subchapter B Delay in Payment**

PLAINTIFF gave prompt notice of his claim to DEFENDANT and

DEFENDANT engaged in unfair settlement claim practices as discussed above

and denied and/or has delayed payment on PLAINTIFF'S claim. DEFENDANT'S

investigation and reliance on reports and estimates from its adjusters and

investigating adjusters has been "merely pretextual" and unreasonable.

DEFENDANT'S minimal investigation and use of adjusters' reports was an

"outcome oriented investigation". PLAINTIFF disputes the reliability of its

investigative findings. DEFENDANT has failed to comply with the requirements

of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFF in writing, within 15 business days
        after receiving all of the items, statements, and forms required by
        the insurer to secure final proof of loss, of the acceptance or
        rejection of a claim; and/or

(b)     Failing to pay PLAINTIFF'S claim within 60 days of receiving all
        of the items, statements, and forms required by the insurer to
        secure final proof of loss, of the acceptance or rejection of a claim;
        and

10

To:RF74CLAIM2    From:State Farm    Fax:FOIP ISCC SS2    KOFAX® at:16-04-20-14:02 Doc:795 Page:015

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

(c)    Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which he sues.

### XII.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or compliance is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion pled by DEFENDANT and furthermore would show that:

1.    The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.    Any other construction and its use by DEFENDANT violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3.    Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.    Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.    The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that a similar insurance policy was renewed uninterrupted for many years; and

11

To:RF74CLAIM2      From:State Farm      Fax:FDIP ISCC SS2      KOFAX® at:16-04-20-14:02  Doc:795  Page:016

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-1608-16-A

6.   The adoption of any other construction constitutes conduct in violation of the laws of this state; including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF.

In the alternative, DEFENDANT is judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverage at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

### XIII.
### Damages

Due to the acts and omissions of the Defendant, more specifically set forth above, Plaintiff seeks to recover all actual and special damages, including but not limited to the following: past, present, and future costs of repair to PLAINTIFF'S home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring. The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. The Plaintiff is also entitled to recover the amount of PLAINTIFF'S claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

\c1611116629WIPSD4XNC Received 4/20/2016 2:02:07 PM [Central Daylight Time]

To:RF74CLAIM2    From:State Farm    Fax:FDIP ISCC SS2    KOFAX at:16-04-20-14:02  Doc:795  Page:017

Electronically Filed
4/8/2016 3:46:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1608-16-A**

PLAINTIFF'S damages as described in this petition are within the jurisdictional limits of the Court.

### XIV.
### Request for Rule 194.2 Disclosures

Under Texas Rule of Civil Procedure 194.2, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### XVI.
### Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That DEFENDANT be cited to appear and that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.
2510 S. Veterans Blvd.
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile
rolando@livesaylawfirm.com

By: /s/ R. Kent Livesay
R. Kent Livesay
Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFF**

13

\C1611116830WPSD4XNC Received 4/20/2016 2:02:07 PM [Central Daylight Time]

Electronically Filed
5/11/2016 1:32:55 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

### C-1608-16-A
### 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**211 East 7th St Suite 620**
**Austin TX  78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR RULE 194.2 DISCLOSURES** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 8th day of April, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1608-16-A, **MONICA BADILLO VS. STATE FARM LLOYDS**

Said Petition was filed in said court by R. KENT LIVESAY, 5319 S MCCOLL ROAD EDINBURG TX  78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 12th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**LETICIA PECINA, DEPUTY CLERK**

Electronically Filed
5/11/2016 1:32:55 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

C-1608-16-A
~~OFFICER'S~~ RETURN

Came to hand on _13th_ of _April_ , 201 _6_ at _10:23_ o'clock _A_ .m. and executed in _Travis_ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ _P.O.P_ _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| State Farm Lloyds | 4-18-2016 | 9:29AM | 211 E. 7th St. Suite 620, Austin, TX 78701 |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $ _35.00_
miles .................$_____

_Matt DM_
~~DEPUTY~~ SCH 11852

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Matthew Garnett_ , my date of birth is _1-21-85_ and the address is _412 w. Cavazos St, Edinburg TX 78539_ ,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _Hidalgo_ County, State of Texas, on the _21st_ day of _April_ , 201 _6_ .

Declarant"

_2-28-19_  /  _SCH 11852_
If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number

Electronically Filed
5/11/2016 1:32:55 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds
211 E. 7th St. Ste. 620
Austin, TX 78701

9590 9402 1514 5362 2244 32

2. Article Number (Transfer from service label)

7015 0640 0001 4844 2307

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 APR 18 2016

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

Electronically Filed
5/11/2016 1:32:55 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

Cause No. C-1608-16-A

| | | |
|---|---|---|
| MONICA BADILLO | § | IN THE JUDICIAL DISTRICT |
| Plaintiff, | § | |
| | § | |
| V. | § | 92nd DISTRICT COURT |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## PROCESS SERVER'S AFFIDAVIT OF SERVICE

THE STATE OF TEXAS   §

COUNTY OF HIDALGO   §

BEFORE ME, the undersigned official, on this day personally appeared Matthew L. Garnett, who is personally known to me, and first being duly sworn according to law upon his oath deposed and said:

"My name is Matthew L. Garnett. I am over 18 years of age and I am fully competent to make this affidavit. I have personal knowledge of the statements made herein, which are true and correct. I further state that I am not a party to nor interested in the outcome of the above numbered suit."

"I was retained by the Law Offices of R. Kent Livesay to serve Plaintiff's Original Petition to serve State Farm Lloyds at 211 E. 7th St. Ste. 620, Austin, Texas 78701."

"On or about April 8, 2016, I mailed a copy of the Plaintiff's Original Petition by Certified Mail return receipt requested PS For 3811 by article number 7015 0640 0001 4844 2307, to State Farm Lloyds at 211 E. 7th St. Ste. 620, Austin, Texas 78701."

"Attached hereto is the certified green card acknowledging service signed on April 18, 2016."

"Further, affiant sayeth not."

_____
Matthew L. Garnett
Texas Supreme Court State No.: SCH11852

This instrument was acknowledged, subscribed and sworn to before me on the 21st day of April, 2016, by Matthew L. Garnett.


_____
Notary Public, State of Texas

5/6/2016 4:51:53 PM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

**CAUSE NO. C-1608-16-A**

| | | |
|---|---|---|
| **MONICA BADILLO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **92nd DISTRICT COURT** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

NOW COMES Defendant **STATE FARM LLOYDS ("State Farm"),** and files this Defendant's Original Answer to Plaintiff's Original Petition and would show the court as follows:

**I.**
**GENERAL DENIAL**

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

**II.**
**REQUEST FOR DISCLOSURE**

Under the authority of Texas Rule of Civil Procedure 194, Defendant **STATE FARM LLOYDS** requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be

5/6/2016 4:51:53 PM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By: ___ /s/ Sofia A. Ramon _____
    Sofia A. Ramon
    State Bar No. 00784811
    sramon@atlashall.com
    Dan K. Worthington
    State Bar No. 00785282
    dkw@atlashall.com
    Elizabeth Sandoval Cantu
    Texas State Bar No.  24013455
    ecantu@atlashall.com

    **Attorneys for Defendant**

5/6/2016 4:51:53 PM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of May, 2016, a true and correct copy of the foregoing document was sent via facsimile and/or certified mail, return receipt requested, to all counsel of record in this cause, to-wit:

R. Kent Livesay
**LAW OFFICES OF R. KENT LIVESAY, P.C.**
2510 S. Veterans Blvd.
Edinburg, Texas 78539
(956) 686-5776 – Phone
(956) 686-0050 – Fax

_____/s/ Sofia A. Ramon_____
Sofia A. Ramon

5/2/2016 8:56:11 AM
Hidalgo County District Clerks
Reviewed By: Oneida Lamas

## CAUSE NO. C-1608-16-A

| | | |
|---|---|---|
| **MONICA BADILLO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **92nd DISTRICT COURT** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **STATE FARM LLOYDS**, hereinafter referred to as "Defendant" in the above styled and numbered cause, and file its First Amended Answer and Special Exception to Plaintiff's Original Petition, and in support thereof, respectfully states as follows:

### I.    GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.    SPECIAL EXCEPTIONS

1.    **Failure to Plead the Appropriate Discovery Level.**  Defendant specially excepts to Plaintiff's Original Petition which improperly pleads that discovery is governed by a Level 3 Discovery Plan.  Texas Rule of Civil Procedure 190.2 expressly requires that a Level 1 Discovery Plan is required in any suit that is governed by the expedited actions process in Rule 169, unless all parties agree that a Discovery Level Plan 3 applies or a court orders a discovery control plan.

3/2/2016 8:56:11 AM
Hidalgo County District Clerks
Reviewed By: Oneida Lamas

Comment 1 to Texas Rule of Civil Procedure 190 states that a plaintiff's allegation that a case is to be governed by a Level 3 Discovery Plan does not make Level 3 applicable. Plaintiff's Original Petition pleads this matter as an expedited action seeking less than $100,000.00 in total damages. Defendant is opposed to the application of a Level 3 Discovery Plan and respectfully requests that this matter be properly governed as an expedited action under a Level 1 Discovery Plan.

### III.   AFFIRMATIVE DEFENSES

1.   **Pre-suit Notice.**  Plaintiff attempts to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiff has failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiff's pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. See TEX. INS. CODE §541.154(a). In this matter, Plaintiff served State Farm with a letter of representation dated April 7, 2016 and filed suit on April 8, 2016.  This notice does not meet the specific requirements set forth in TEX. INS. CODE §541.154(a).

2.   **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.   **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $1,240.00 deductible.

9/12/2016 8:56:11 AM
Hidalgo County District Clerks
Reviewed By: Oneida Lamas

4.      **Limit of Liability.** Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

5.      **Non-Covered Losses.** Plaintiff's claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events, including but not limited to normal wear and tear.

6.      **Failure of Policy Conditions/Conditions Precedent.** Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss." Specifically, Plaintiff failed to satisfy the condition of the Policy requiring Plaintiff to timely report and exhibit damage, which reads as follows:

### SECTION I – CONDITIONS

\* \* \* \* \*

2.      **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

      a.      give immediate notice to us or our agent

. . . .

      d.      as often as we reasonably require:

          (1) exhibit the damaged property;

\* \* \* \* \*

Plaintiff first reported her claim, which is the subject of this lawsuit, on April 10, 2014, almost two years after the April 20, 2012 date of loss alleged in the Plaintiff's Original Petition. This two year delay in reporting the claim prejudiced State Farm's investigation of the claim.  Between the time

of the alleged date of loss and notice of loss to State Farm, Plaintiff failed to protect her property from further damage.

Additionally, Plaintiff failed to comply with the condition precedent requiring Plaintiff to exhibit the damaged property. Specifically, Plaintiff represented at State Farm's inspection of the property, that she had already made permanent repairs to the property prior to reporting her claim to State Farm.

Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiff's Original Petition, because of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue.

7.      **Suits Against Us.** Defendant hereby asserts the "Suits Against Us" condition of the Policy which provides "No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years and one day after the date of loss or damage."

8.      **Failure to Mitigate.** Defendant asserts that Plaintiff failed to make reasonable efforts to mitigate her damages.

9.      **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed

by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**11.      Chapter 38 Attorney's Fees.** Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for…(8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8).   Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 576 (Tex. App.—Houston [14th Dist.] 2014, pet denied).

## IV.      PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS**, requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By:_____ /s/ Sofia A. Ramon_____
        Sofia A. Ramon
        State Bar No. 00784811
        sramon@atlashall.com
        Dan K. Worthington
        State Bar No. 00785282
        dkw@atlashall.com
        Elizabeth S. Cantu
        State Bar  No. 24013455
        ecantu@atlashall.com
        **Attorneys for Defendant**

*Defendant's First Amended Answer*                                               Page 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May, 2016, a true and correct copy of the foregoing document was sent via electronic filing to the following:

Kent Livesay
Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
rolando@livesaylawfirm.com
(956) 686-5776 Telephone
(956) 686-0050 Facsimile

**Attorneys for Plaintiff**

_/s/ Sofia A. Ramon_____
Sofia A. Ramon